8/30/2017 7:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19165547
By: Carla Carrillo
Filed: 8/30/2017 7:37 PM

# 2017-57321 / Court: 129

## CAUSE NO. _____

| | | |
|---|---|---|
| ELIZABETH MATTHEW IDICHERIA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE, AND RICH NIFONG | § | |
| | § | |
| *Defendant.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Patricial McIntyre ("Plaintiff"), complains of Allstate Team, Rich Ninfongh and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.      Plaintiff(s) resides in Harris County, Texas.

3.      Defendant Allstate is an insurance company engaging in the business of insurance in Texas, and is a citizen of Texas.  This defendant may be served with process through its registered agent KEH/L.H. Brenner, Inc., 8675 Freeport Pkwy Bldg E5, Irving, TX 75063-2576.

4.      Defendant Rich Nifong is an insurance adjuster engaged in the business of insurance with his principal place of business in Dallas County Texas and may be served at his usual place of business located at 8711 Freeport PKWY # C3, Irving TX 75063-2578.

5.      Issuance of citation for all defendants is requested at this time.

EXHIBIT
3

### III.
### JURISDICTION

6.      Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

7.      The court has jurisdiction over Defendant it engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of Defendant's business activities in Texas.

### IV.
### VENUE

8.      Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

9.      Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

10.     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; and/or Defendant is otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

### VI.
### FACTS

11.     Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 6903 Oakbay Cir., Missouri City Texas Harris County Texas (the "Property").

The Property was insured by insurance policy number 00944969907, issued by Defendant (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

12.     On or about 6/18/2016, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. 0434286373) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

13.     Defendant made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that Defendant not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued and relied upon by Defendant. The damage estimate failed to include all damages to Plaintiff's Property. The damages Defendant included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

14.    Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant's conduct constitutes a breach of the contract between Defendant and Plaintiff.

15.    Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

16.    Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

17.    Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

18.    Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

19.     Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

20.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

21.     Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

22.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.  Defendan's conduct constitutes a violation of TEX.INS.CODE §541.058.

23.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

**25.**     Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

26.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.     Breach of Contract.

27.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

28.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE. §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

29.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(1).

30.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

31.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

32.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

33.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(7).

34.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

---

*ELIZABETH MATTHEW IDICHERIA v. ALLSTATE, AND RICH NIFONG*                    Page 7

### C.   Prompt Payment Of Claims Violations.

35.    The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant proper notice.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

    b)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

    c)  Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

36.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX. INS. CODE §542.060.

### D.   Breach Of The Duty Of Good Faith And Fair Dealing.

37.    Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment of the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.  Defendant's conduct proximately caused Plaintiff injuries and damages.

## VIII.
## KNOWLEDGE

38.    Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

39.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

40.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

41.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX. INS. CODE §541.152.

42.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

43.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

44.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

45.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

46.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

47.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**BARTON LAW FIRM**

/s/ *Wayne D. Collins*
DANIEL P. BARTON
State Bar No: 00789774
WAYNE C. COLLINS
State Bar No.: 00796384
1201 Shepherd Drive
Houston, Texas 77007
Telephone: (713) 227-4747
Facsimile: (713) 621-5900
dbarton@bartonlawgroup.com
wcollins@bartonlawgroup.com
**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

*ELIZABETH MATTHEW IDICHERIA v. ALLSTATE, AND RICH NIFONG*          Page 10